# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PARK BUILDING, LTD,<br><br>    Plaintiff,<br><br>v.<br><br>BEAUTY EXPRESS SALONS INC.<br><br>    Defendant.<br><br>BEAUTY EXPRESS SALONS INC.<br><br>    Counter-Plaintiff,<br><br>v.<br><br>PARK BUILDING, LTD,<br><br>    Counter-Defendant. | Case No. 2:21-cv-00033-JFC<br><br>District Judge Joy Flowers Conti |

**DEFENDANT/COUNTER-PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF**
<u>**DOCUMENTS DIRECTED TO PLAINTIFF/COUNTER-DEFENDANT**</u>

  Defendant/Counter-Plaintiff Beauty Express Salons Inc. ("Beauty Express"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 34, hereby requests that Plaintiff/Counter-Defendant Park Building, Ltd, ("Park Building") respond to the following First Set of Requests for Production of Documents Directed to Plaintiff/Counter-Defendant (the "Requests") and produce responsive documents within Park Building's possession, custody, or control to the offices of Saul Ewing Arnstein & Lehr LLP, One PPG Place, Suite 3010, Pittsburgh, PA 15222, pursuant to Federal Rule of Civil Procedure 34(b)(2) within thirty (30) days from the service hereof. Park Building shall supplement these responses in accordance with Federal Rule of Civil Procedure 26(e).

        **I.**   **DEFINITIONS**

  The following Requests are to be responded to with reference to the definitions set forth below, each of which shall be deemed to be a material part of each Request:

  1.  "Park Building" and "you" or "your" shall be understood to refer to Plaintiff/Counter-Defendant Park Building, Ltd, as well as counsel for Park Building, all agents, servants, employees, representatives, any other person acting on its behalf, and any others who are aware of or in the possession, custody or control of any information, document or thing for or on behalf of Park Building.

2. "Beauty Express" shall be understood to refer to Defendant/Counter-Plaintiff Beauty Express Salons Inc.

3. "Complaint" shall be understood to refer to the Complaint filed by Park Building in the above-captioned case on November 30, 2020.

4. "Lease" shall be understood to refer to the agreement entered into by and between Park Building and Beauty Express, commencing on October 1, 2015 and ending on September 30, 2020, regarding that certain space known as Suite 200 located at 355 Fifth Avenue, Pittsburgh, PA 15222.

5. "Lease Premises" shall be understood to refer to that certain space known as Suite 200 located at 355 Fifth Avenue, Pittsburgh, PA 15222.

6. "Building" shall be understood to refer to the building located at 355 Fifth Avenue, Pittsburgh, PA 15222 that includes the Lease Premises.

7. "E.V. Bishoff Company Rate" shall be understood to refer to the utility rate(s) charged by Park Building to Beauty Express for the Lease Premises pursuant to the Lease.

8. "Communication" means any contact, whether in person, in writing, oral, formal, informal, by telephone or any method whereby knowledge, facts or information is imparted or transmitted from one person or entity to another or to a file.

9. "Document" or "documents" whenever used herein shall mean all matters identified in Federal Rule of Civil Procedure 34, and shall include, but not be limited to, all written, typed, printed, recorded, photographic or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody or control of Park Building, its agents, representatives, and attorneys, or any of them, including, but not limited to, letters, correspondence, telegrams, e-mails, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, guarantees, intra- and inter-office communications, audited or unaudited financial statements, audit reports, projections, account summaries, daily collateral reports, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, financial calculations, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, statistical records, telephone records, text or other electronic messages, tapes, video or tape recordings, partial or complete reports of telephone conversations, public and governmental filings, opinions, communications or messages or other data sent, received, posted, or accessed through social media, including, but not limited to, applications such as Twitter, Facebook, Instagram, Snapchat, WhatsApp, and GroupMe, and any other writings or recordings.

10. "Identify," when referring to a person or persons, means to state the current name, address and telephone number of the person about whom the information is sought.  When referring to individuals, please state the name of their present or last known employer, their office or title, if any, and their job description.  Also, please state the nature and dates of their affiliation with any party to this litigation and their office or title, job description and duties during such affiliation.

11. "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement or conduct (herein collectively called "act") means to:

    (a)    describe the substance of the event or events constituting such act and state the date when such act occurred;

    (b)    identify each and every person participating in such act;

    (c)    identify all other persons (if any) present when such act occurred;

    (d)    state whether any minutes, notices, memoranda, or other record of such act was made;

    (e)    state whether such record now exists; and

    (f)    identify the person or persons presently having possession, custody or control of each such record.

12. "Identify," when referring to a document, means to provide, as to each such document, the following information:

    (a)    its date;

    (b)    its title, if it has one; all identifying numbers, if any; all other identifying or categorizing designations; and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

    (c)    its subject matter;

    (d)    the name, title and address of each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

    (e)    the name, title and address of each addressee, and of each other person receiving a copy of it;

    (f)    its present location, and the name and address of its present custodian;

    (g)    if the document is not an original, the name and address of the custodian of the original; and

    (h)    any other designation necessary to sufficiently identify the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in your possession, custody or control, or in existence, state its present location or the date and manner of its disposition.

13. "Identify," when referring to a corporate entity or entities, shall mean to state the full corporate name and the date and place of incorporation, if known, and its present address and telephone number.

14. "Person" shall mean individual, corporation, non-profit corporation, sole proprietorship, partnership, limited partnership, professional association, joint venture, agency, agent, trust and/or any other legal entity.

15. "Refer" or "relate to" (or any form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or being relevant to. As indicated, the term necessarily includes information which is in opposition to, as well as in support of, the position(s) and claim(s) of Park Building in this action.

## II.  GENERAL PROVISIONS AND INSTRUCTIONS

1. All information is to be divulged which is in your possession, custody or control or within the possession, custody or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.

2. If you object to any Request, or any subparagraph or subpart of any Request, on the basis of privilege (attorney-client communications, work product or any other alleged privilege), for each objection state:

   (a) the date and place of the communication;

   (b) the identity of each person who was present at or who participated in such communication;

   (c) the type of communication;

   (d) the general subject matter of the communication;

   (e) the Request seeking the communication; and

   (f) the privilege channel.

3. If you cannot respond to any particular Request, please:

   (a) identify any documents that might contain material which, in your opinion, is relevant to the response sought; and

   (b) identify any individual or entity that you believe might have knowledge of material which, in your opinion, is relevant to the response sought.

4. The following rules of construction apply to these Requests:

   (a) the term "all" shall be construed to mean each or any and the term "each" or "any" shall be construed to mean all as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope;

  (b)  the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope;

  (c)  the use of the singular form of any word includes the plural and *vice versa*;

  (d)  any Request propounded in the masculine shall be used as if propounded in the feminine and *vice versa*; and

  (e)  any Request propounded in the present tense shall be used as if propounded in the past tense and *vice versa*.

5. All requests for discovery by Beauty Express in this case are continuing. In the event that any information comes to your attention subsequent to the serving of your responses to these Requests, which information is responsive to any request for discovery below or which would alter or change in any way a response, and which was not included in your responses to the Requests below, such additional information shall be furnished to counsel for Beauty Express as soon as possible without further request.

### III. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents and things in your possession, custody, or control:

1. All documents identified in, referred to, relied upon, or used in preparing your answers to Defendant/Cross-Plaintiff's First Set of Interrogatories Directed to Plaintiff/Cross-Defendant.

2. All documents that refer or relate to Beauty Express.

3. All documents that refer or relate to Brian Luborsky.

4. All documents that refer or relate to the Lease.

5. All documents that refer or relate to termination of the Lease.

6. All documents that refer or relate to the Lease Premises.

7. All documents that refer or relate to the calculation of charges for utilities for the Premises.

8. All documents that refer or relate to the E.V. Bishoff Company Rate.

9. All documents that refer or relate to any communication with any person who participated in the calculation of the E.V. Bishoff Company Rate or any other calculation relating to any utility invoices sent by Park Building to Beauty Express.

10. All statements or invoices that Park Building received for natural gas/heat, electricity, and water for the Building from October 1, 2015 to the present.

11. All statements or invoices that Park Building received for common area maintenance for the Building from October 1, 2015 to the present.

12. All statements or invoices that Park Building sent to Beauty Express for the Lease Premises from October 1, 2015 to the present.

13. All documents that refer or relate to any utilities consumed or wasted at the Lease Premises.

14. All photographs, motion pictures, video recordings, or other depictions of any utility meters for or at the Lease Premises and/or Building.

15. All documents that refer or relate to any utility meter readings taken for or at the Lease Premises and/or Building.

16. All communications with Beauty Express.

17. All documents that refer or relate to any communications with Beauty Express.

18. All documents that refer or relate to any other instances of Park Building charging the E.V. Bishoff Company Rate relating to utility expenses to any other tenants of the Building.

19. All documents that refer or relate to any disputes Park Building has had with any tenant of the Building regarding utility rates or common area maintenance fees charged by Park Building.

20. All documents that refer or relate to communications, policies, or determinations regarding the failure of any tenant of the Building to pay rent or other lease charges due to the COVID-19 pandemic or any associated governmental orders or regulations.

21. All documents that refer or relate to any disputes Park Building has had with any tenant of the Building regarding the failure to pay rent or other lease charges due to the COVID-19 pandemic or any associated governmental orders or regulations.

22. All documents that refer or relate to your contention that Beauty Express defaulted or otherwise breached the Lease.

23. All statements identified in Federal Rule of Civil Procedure 26(b)(3)(C).

24. All photographs, motion pictures, video recordings, maps, diagrams, or other depictions of the Premises, the Building, or anything else relevant to this case.

25. All documents or demonstrable evidence that you intend to introduce at the trial of this matter.

26. All resumes, curriculum vitae, and/or qualifications of any expert witness you intend to call at the trial of this matter.

27. All reports, correspondence, photographs, and other documents created by any expert witness you intend to call at the trial of this matter.

28. All documents, objects, or materials reviewed, sent to, or relied upon by any expert witness you intend to call at the trial of this matter.

29. All documents, objects, or materials reviewed, sent to, or relied upon by any consulting expert whose work has been reviewed or relied upon by any expert witness you intend to call at the trial of this matter.

30. All documents, books, treatises or other materials on which you, your expert witness or any other witnesses may rely upon at the trial of this case.

31. All documents that form the basis for your allegations in the Complaint.

32. All documents that refer or relate to your allegation in Paragraph 4 of the Complaint that "[Beauty Express] defaulted under the terms of the Agreement by failing to make payment to [Park Building] as promised."

33. All documents that refer or relate to your allegation in Paragraph 8 of the Complaint that "[a]lthough repeatedly requested to do so by [Park Building], [Beauty Express] has willfully failed and/or refused to pay the principal balance or any part thereof to [Park Building]."

34. All documents that refer or relate to your allegation in Paragraph 20 of Park Building's Answer to Counter Claim that "[a]fter [Beauty Express] had accumulated a balance of unpaid utilities, [Park Building] agreed to accept less than the amount shown as being owed in the invoices presented."

35. All documents that refer or relate to any and all damages you are claiming, including, but not limited to, the damages referenced in Paragraph 7 of the Complaint.

Date: August 19, 2021

/s/ Jared S. Hawk
Jared S. Hawk
Pa. I.D. No. 92959
jared.hawk@saul.com
John A. Marty
Pa. I.D. No. 324405
john.marty@saul.com
Saul Ewing Arnstein & Lehr LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Telephone: (412) 209-2500
Facsimile: (412) 209-2539

*Counsel for Defendant/Counter-Plaintiff Beauty Express Salons Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2021, I served a true and correct copy of the foregoing upon the following counsel of record via electronic and U.S. mail:

Matthew D. Urban
Matthew W. Pomy
Weltman, Weinberg & Reis Co., L.P.A.
436 Seventh Avenue, Suite 2500
Pittsburgh, PA 15219
*Counsel for Plaintiff/Counter-Defendant Park Building, Ltd.*

/s/ Jared S. Hawk
Jared S. Hawk