# EXHIBIT D



Jared S. Hawk
Phone: (412) 209-2547
Fax: (412) 209-2570
jared.hawk@saul.com
www.saul.com

<u>*VIA ELECTRONIC AND FIRST CLASS MAIL*</u>

October 27, 2021

Matthew D. Urban
Matthew W. Pomy
Weltman, Weinberg & Reis Co., L.P.A.
436 Seventh Avenue, Suite 2500
Pittsburgh, PA 15219

Re: <u>*Park Building, Ltd. v. Beauty Express Salons Inc.*, United States District Court for the Western District of Pennsylvania, Case No. 2:21-00033</u>

Dear Matt and Matt:

We are writing to address several deficiencies in the September 17, 2021 response and document production of Plaintiff/Counter-Defendant Park Building, Ltd. ("Park Building") to the First Set of Interrogatories and First Set of Requests for Production of Documents (collectively, the "Discovery Requests") served by Defendant/Counter-Plaintiff Beauty Express Salons Inc. ("Beauty Express") in the above-referenced case. As discussed below, if these deficiencies are not remedied, we will be forced to seek relief from the Court.

**<u>Interrogatory Nos. 1 and 3</u>**

Interrogatory No. 1 states: "Please describe in detail how the charges for utilities were calculated for the Premises pursuant to the Lease, the basis for such calculation, the means and method through which utility use at the Premises was measured, whether and how such calculation resulted in the E.V. Bishoff Company Rate, whether and how such calculation took into account the utility charges for other tenants in the Building, the identity of all persons with knowledge regarding such issues, and the identity of all documents that refer or relate to such issues."

Park Building answered this Interrogatory by stating: "A submeter exists that measures the Lessee's consumption and is read each month. The Lessee's usage is calculated by subtracting the previous meter read number with the current number. The submeter is specific to

Matthew D. Urban
Matthew W. Pomy
October 27, 2021
Page 2

the Lessee and therefore their consumption has nothing to do with usage in the building as a whole."

This answer does not completely respond to the Interrogatory No. 1. Specifically, Beauty Express requested that Park Building provide the basis for its utility calculation, including "how such calculation resulted in the E.V. Bishoff Company Rate." Park Building's answer fails to provide *any* information as it relates to the E.V. Bishoff Company Rate or how any utility rates charged to Park Building were considered or used in calculating the utilities that were charged to Beauty Express. Please supplement this answer to state, with particularity, the basis for the E.V. Bishoff Company Rate, the method by which this rate was calculated, and any other information pertaining to this rate that impacted Beauty Express's monthly electric and water service utility charges.

Interrogatory No. 3 requests Park Building to state the basis "including all calculations used, for invoicing Beauty Express" for water service for certain months in 2020. In its answer, Park Building stated that "[a] full breakdown of all utility charges is included with the documents produced." Despite this assertion, none of the documents contained in Park Building's production appear to address the basis of the calculations used for invoicing the amounts at issue. Please supplement this answer to state the specific calculations that were made to determine the charges for water service for the relevant dates, including the basis for the E.V. Bishoff Company Rate if it was utilized. If there are specific documents that provide the "full breakdown of all utility charges," as Park Building claims in its answer, please produce those documents.

**Interrogatory Nos. 4 and 5**

Interrogatory Nos. 4 and 5 request information regarding other tenants in the Building that (i) "questioned or challenged the utility rates or common area maintenance fees that were charged by Park Building" or (ii) "failed to pay rent or any other lease charges due to the COVID-19 pandemic or any associated governmental orders or regulations." Park Building refused to answer either of these interrogatories and objected that these inquiries are "irrelevant to the instant matter." These issues, however, are relevant to Beauty Express's counterclaims and, as a result, are discoverable. Please supplement your answers to provide the information requested in Interrogatory Nos. 4 and 5 immediately.

**Requests for Production of Documents**

Although Federal Rule of Civil Procedure 34(b)(2) requires Park Building to provide a written response to each document request that states whether the requested documents will be produced or states with specificity the grounds for objecting to the request, Park Building failed to provide *any* responses or objections. As a result, Park Building has waived its ability to object to any of these document requests. By failing to respond to each document request as required by Rule 34(b)(2), Park Building has prevented Beauty Express from analyzing whether Park Building's document production is complete or needs to be supplemented. Therefore, please provide written responses to each of the document requests immediately.

Additionally, Federal Rule of Civil Procedure 34(b)(2)(E) states that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Park Building's production fails to meet either of these standards. First, the PDF documents entitled "correspondence 1 - BEAUTY EXPRESS" and "correspondence 2 - BEAUTY EXPRESS" appear to be forwarded e-mail correspondence that were sent from Marianne R. Hartley and combined into two PDF documents. Not only does this format fail to include any metadata associated with these electronic communications, it also does not appear to represent how Park Building maintains such documents in the usual course of its business. Alternatively, Park Building failed to organize the documents and label them to correspond to the relevant document requests.

In accordance with the Federal Rules of Civil Procedure, please produce these documents as they are kept in the usual course of business or organize and label them to correspond to the document request to which they are being produced. To the extent that these documents were the result of electronic searches, please provide information regarding who ran the searches as well as the specific parameters that were used for such searches, including the custodians of the documents, any date restrictions applied to the search, any search terms that were used, and any other information relating to the methods through which such documents were collected.

These deficiencies in Park Building's responses to Beauty Express's discovery requests and document production must be remedied immediately. Therefore, if Park Building does not provide supplemental responses and additional information as described above by November 1, 2021, Beauty Express will be forced to seek relief from the Court and reserves all rights to recover the costs associated with doing so from Park Building.

Should you have any questions or would like to discuss the issues raised in this letter, please do not hesitate to contact me.

Sincerely,

Jared S. Hawk

cc: John A. Marty