# EXHIBIT E

# Weltman, Weinberg & Reis Co., LPA

Brooklyn Heights 216.739.5100
Chicago 312.782.9676
Cincinnati 513.723.2200
Cleveland 216.685.1000

**Matthew W. Pomy**
*Attorney*

436 Seventh Avenue, Suite 2500, Pittsburgh, PA 15219
412-434-7955 phone | 412-434-7959 fax
pitlaw@weltman.com

Columbus 614.801.2600
Detroit 248.362.6100
Philadelphia 215.599.1500
Pittsburgh 412.434.7955

November 4, 2021

Jared S. Hawk
Via Email: jared.hawk@saul.com

    In Re:    **Park Building, LTD v. Beauty Express Salons Inc.,**
                 **Case No. 2:21-00033**
                 **WWR No. 40707037**

Dear Jared:

    In response to your correspondence dated October 27, 2021, requesting additional responses, my office is able to provide the following.

**<u>Interrogatory Nos. 1 and 3</u>**:

In response to Interrogatory Number 1, Park Building response fully answers the questions posed in the item. The question requested the detail as to how the charges for the utilities were calculated. Plaintiff provided a succinct and complete answer as to how the charges were arrived upon. The submeter measures the lessee's consumption against the previous month. That is how the charges were arrived upon. By way of further response, the specific rates included in the invoices were decided upon by David Bishoff as a result of a review of the variable rates typically charged by public utilities. Public utility rates fluctuate and are often dependent on the actual usage not only for a particular building, but also for entire regions. The rate was communicated to Beauty Express in each monthly invoice provided by Park Building as a request for payment of said invoice.

The response to Interrogatory Number 3 references the supporting documents showing the specific calculations. By way of further response, these documents are spreadsheets kept to track the usage and activity of Beauty Express and presented as invoices during the term of their lease. These documents show the dates of the current and previous readings, the difference between those readings showing the usage for the period, and the rate at which the utility was charged. This serves as the full breakdown of utility charges for Beauty Express.

**<u>Interrogatory Nos. 4 and 5</u>**:

Questions relating to potential disputes between Park Building and other tenants not party to the agreement between the Park Building and Beauty Express are irrelevant to the inquiry on this matter. Beauty Express raises several allegations in their counterclaims, but none relate to activity between Park Building and other parties.

**Production of Documents**:

Attached please find produced documents organized in such a way as to be more responsive to your inquiries. Individual responses have also been included. Please see the Discovery Spreadsheet also included for a full listing of the individual documents produced. The same has been made available to you electronically via email contemporaneous with this correspondence.

By way of further response, these documents were prepared through four separate searches. First, was a search of David Bishoff's email records with inquiries into the relevant party names/subject matter as requested in the individual document requests. Second, was a search of Marianne Hartley's email records using the same inquiries. Third, was a search of Park Buildings internal electronic records maintained in "Smartsheets." Finally, the hard copy tenant file maintained by Park Building was copied in its entirety for production. Park Building maintains their internal records in the ordinary course of business consistent with this filing system. Due to these redundancies, there are multiples of some documents. All documents relevant to the requests were then printed/copied and provided to Plaintiff's Counsel. Counsel then organized these documents into the attached packet.

                                            Very truly yours,

                                            */s/ Matthew Pomy*

                                            Matthew W. Pomy, Esquire

(b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope;

(c) the use of the singular form of any word includes the plural and *vice versa*;

(d) any Request propounded in the masculine shall be used as if propounded in the feminine and *vice versa*; and

(e) any Request propounded in the present tense shall be used as if propounded in the past tense and *vice versa*.

5. All requests for discovery by Beauty Express in this case are continuing. In the event that any information comes to your attention subsequent to the serving of your responses to these Requests, which information is responsive to any request for discovery below or which would alter or change in any way a response, and which was not included in your responses to the Requests below, such additional information shall be furnished to counsel for Beauty Express as soon as possible without further request.

### III. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents and things in your possession, custody, or control:

1. All documents identified in, referred to, relied upon, or used in preparing your answers to Defendant/Cross-Plaintiff's First Set of Interrogatories Directed to Plaintiff/Cross-Defendant.   All identified documents are attached.

2. All documents that refer or relate to Beauty Express.
   All documents titled beginning with "Corr" in the Discovery Spreadsheet relate to this item.

3. All documents that refer or relate to Brian Luborsky.
   All Correspondence, documents titled beginning with "Corr" in the Discovery Spreadsheet relate to this item.

4. All documents that refer or relate to the Lease.
   All documents titled beginning with "Corr" in the Discovery Spreadsheet relate to this item.

5. All documents that refer or relate to termination of the Lease.
   All documents relevant to this request are marked as such in the Discovery Spreadsheet

6. All documents that refer or relate to the Lease Premises.
   All documents relevant to this request are marked as such in the Discovery Spreadsheet

7. All documents that refer or relate to the calculation of charges for utilities for the Premises.
   All documents titled beginning with "Corr" in the Discovery Spreadsheet relate to this item.

8. All documents that refer or relate to the E.V. Bishoff Company Rate.
   All documents relevant to this request are marked as such in the Discovery Spreadsheet

9. All documents that refer or relate to any communication with any person who participated in the calculation of the E.V. Bishoff Company Rate or any other calculation relating to any utility invoices sent by Park Building to Beauty Express.
   All documents relevant to this request are marked as such in the Discovery Spreadsheet

10. All statements or invoices that Park Building received for natural gas/heat, electricity, and water for the Building from October 1, 2015 to the present.
   Objection. This request is both irrelevant and would require Plaintiff to produce voluminous historical documents. What the Park Building was charged for utilities is completely separate from what the Defendant agreed to be charged for utilities under the lease agreement.

11. All statements or invoices that Park Building received for common area maintenance for the Building from October 1, 2015 to the present. Objection. Please see response to item 10.

12. All statements or invoices that Park Building sent to Beauty Express for the Lease Premises from October 1, 2015 to the present.
All documents relevant to this request are marked as such in the Discovery Spreadsheet

13. All documents that refer or relate to any utilities consumed or wasted at the Lease Premises.
All documents relevant to this request are marked as such in the Discovery Spreadsheet

14. All photographs, motion pictures, video recordings, or other depictions of any utility meters for or at the Lease Premises and/or Building. Plaintiff is not in possession of any of these items.

15. All documents that refer or relate to any utility meter readings taken for or at the Lease Premises and/or Building. All documents relevant to this request are marked as such in the Discovery Spreadshe

16. All communications with Beauty Express.
All communications between Park Building and Beauty Express are included.

17. All documents that refer or relate to any communications with Beauty Express.
All documents that refer or relate to any communications with Beauty Express are included.

18. All documents that refer or relate to any other instances of Park Building charging the E.V. Bishoff Company Rate relating to utility expenses to any other tenants of the Building.
Objection. This item is irrelevant.

19. All documents that refer or relate to any disputes Park Building has had with any tenant of the Building regarding utility rates or common area maintenance fees charged by Park Building.
Objection. This item is irrelevant.

20. All documents that refer or relate to communications, policies, or determinations regarding the failure of any tenant of the Building to pay rent or other lease charges due to the COVID-19 pandemic or any associated governmental orders or regulations.
Objection. This item is irrelevant.

21. All documents that refer or relate to any disputes Park Building has had with any tenant of the Building regarding the failure to pay rent or other lease charges due to the COVID-19 pandemic or any associated governmental orders or regulations. Objection. Disputes with other tenants are irrelevant.

22. All documents that refer or relate to your contention that Beauty Express defaulted or otherwise breached the Lease. All documents included in this production request relate to this contention.

23. All statements identified in Federal Rule of Civil Procedure 26(b)(3)(C).
No statements identified in FRCP 26(b)(3)(C) at this time. Plaintiff reserves the right to amend this response as necessary.

24. All photographs, motion pictures, video recordings, maps, diagrams, or other depictions of the Premises, the Building, or anything else relevant to this case.
No further depictions of the premises are available at this time. Plaintiff reserves the right to amend this response as necessary.

25. All documents or demonstrable evidence that you intend to introduce at the trial of this matter. Plaintiff will produce evidence it intends to procude at trial according to the relevant rules of procedure.

26. All resumes, curriculum vitae, and/or qualifications of any expert witness you intend to call at the trial of this matter.
Plaintiff does not intend to call an expert witness at this time. Plaintiff reserves the right to amend this response as necessary.

27. All reports, correspondence, photographs, and other documents created by any expert witness you intend to call at the trial of this matter. See response to item 26.

28. All documents, objects, or materials reviewed, sent to, or relied upon by any expert witness you intend to call at the trial of this matter. See response to item 26.

29. All documents, objects, or materials reviewed, sent to, or relied upon by any consulting expert whose work has been reviewed or relied upon by any expert witness you intend to call at the trial of this matter. See response to item 26.

30. All documents, books, treatises or other materials on which you, your expert witness or any other witnesses may rely upon at the trial of this case.
See response to item 26.

31. All documents that form the basis for your allegations in the Complaint.
All documents included in this production request relate to this allegation.

32. All documents that refer or relate to your allegation in Paragraph 4 of the Complaint that "[Beauty Express] defaulted under the terms of the Agreement by failing to make payment to [Park Building] as promised."
All documents included in this production request relate to this allegation.

33. All documents that refer or relate to your allegation in Paragraph 8 of the Complaint that "[a]lthough repeatedly requested to do so by [Park Building], [Beauty Express] has willfully failed and/or refused to pay the principal balance or any part thereof to [Park Building]."
All documents included in this production request relate to this allegation.

34. All documents that refer or relate to your allegation in Paragraph 20 of Park Building's Answer to Counter Claim that "[a]fter [Beauty Express] had accumulated a balance of unpaid utilities, [Park Building] agreed to accept less than the amount shown as being owed in the invoices presented."
All documents included in this production request relate to this allegation.

35. All documents that refer or relate to any and all damages you are claiming, including, but not limited to, the damages referenced in Paragraph 7 of the Complaint.
All documents included in this production request relate to this allegation.

Date: August 19, 2021  /s/ Jared S. Hawk
Jared S. Hawk
Pa. I.D. No. 92959
jared.hawk@saul.com
John A. Marty
Pa. I.D. No. 324405
john.marty@saul.com
Saul Ewing Arnstein & Lehr LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Telephone: (412) 209-2500
Facsimile: (412) 209-2539

*Counsel for Defendant/Counter-Plaintiff Beauty Express Salons Inc.*