# EXHIBIT F

| From: | Pomy, Matthew |
|---|---|
| To: | Hawk, Jared S.; Urban, Matthew |
| Cc: | Marty, John A. |
| Subject: | RE: Park Building, Ltd. v. Beauty Express Salons Inc. |
| Date: | Wednesday, November 10, 2021 9:00:56 AM |
| Attachments: | image004.png |
| | image001.jpg |
| | Second Set of Interrogatories - BEAUTY EXPRESS.pdf |
| | response attachment - BEAUTY EXPRESS.pdf |
| | First Set of Requests for Admission - BEAUTY EXPRESS.pdf |
| | Second Set of Requests for Production of Documents - BEAUTY EXPRESS.pdf |

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Good Morning Jared,

Attached please find our responses to the second set of discovery for the above referenced matter.
Please let me know if you have any issues with the files.
Thank you,

**Matthew Pomy**
Attorney



Weltman, Weinberg & Reis Co., L.P.A.
p  412-338-7147  |  mpomy@weltman.com
436 Seventh Avenue, Suite 2500   Pittsburgh, PA 15219
Visit Us: weltman.com  |  LinkedIn |  Facebook  | Twitter

Go Green: Please consider the environment before printing this email.
Confidentiality Notice: This email and any accompanying document(s) may contain information that is confidential or privileged, and it is intended only for the individuals or entities named above. If you are not the intended recipient, you are prohibited from using, disclosing, copying, or distributing this email or any attachments. If you have received this message in error, please notify the sender immediately.

**From:** Hawk, Jared S. <jared.hawk@saul.com>
**Sent:** Friday, October 15, 2021 3:06 PM
**To:** Urban, Matthew <murban@weltman.com>; Pomy, Matthew <mpomy@weltman.com>
**Cc:** Marty, John A. <john.marty@saul.com>
**Subject:** Park Building, Ltd. v. Beauty Express Salons Inc.


Matt and Matt:

Please see the attached documents regarding the above-referenced case.

Thanks,
Jared

**Jared S. Hawk** | Partner
**SAUL EWING ARNSTEIN & LEHR LLP**
One PPG Place, Suite 3010 | Pittsburgh, PA 15222

Tel: (412) 209-2547 | Fax: (412) 209-2570
jared.hawk@saul.com | www.saul.com

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient
(even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by
return e-mail, then delete.

+~~~~~~~~~~~~~~~~~~~~~~~~+

**Response Interrogatory No. 1 of Defendant/Counter-Plaintiff's Second Set of Interrogatories And Supplemental Response to Interrogatory No. 1 of Defendant/Counter-Plaintiff's First Set of Interrogatories:**

David Bishoff set the rate at which utilities in the subject leased premises in light of the ever changing rates from public utility companies. The rate includes generation of electric, the cost of transportation of the utility, the municipal taxes associated with the utilities, and the cost of installing and maintaining the sub-meters to allow for the measurement of the individual unit. Administrative costs associated with sending Park Building personnel to read the sub-meter as well as to prepare the associated invoices. The rate also contemplates the inevitable float and even non-payment of utility invoices from tenants. The rates of $.12 for electric and $.04 for water encompasses all of those costs into a rate that would be predictable for all parties. The associated rate was communicated to Beauty Express through the document titled "Doc - Utility Calculations - 1.28.16-9.9.19" produced by Plaintiff/Counter-Defendant in response to the Defendant/Counter-Plaintiff's first set of Requests for Production of Documents.

(b)     the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope;

(c)     the use of the singular form of any word includes the plural and *vice versa*;

(d)     any Request propounded in the masculine shall be used as if propounded in the feminine and *vice versa*; and

(e)     any Request propounded in the present tense shall be used as if propounded in the past tense and *vice versa*.

5.     Pursuant to Federal Rule of Civil Procedure 36, these Requests shall be deemed admitted unless Park Building serves upon Beauty Express specific written responses within the thirty (30) day time limit prescribed by the Rule.

6.     All requests for discovery by Beauty Express in this case are continuing.  In the event that any information comes to your attention subsequent to the serving of your responses to these Requests, which information is responsive to any request for discovery below or which would alter or change in any way a response, and which was not included in your responses to the Requests below, such additional information shall be furnished to counsel for Beauty Express as soon as possible without further request.

## III.     REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that the E.V. Bishoff Company Rate was different than the rate that Park Building was charged by the relevant public utility for electric for the Building.

**RESPONSE:** Objection. Irrelevant.

**REQUEST FOR ADMISSION NO. 2:**  Admit that the E.V. Bishoff Company Rate was different than the rate that Park Building was charged by the relevant public utility for water for the Building.

**RESPONSE:** Objection. Irrelevant.

**REQUEST FOR ADMISSION NO. 3:**  Admit that the E.V. Bishoff Company Rate was different than the rate that Park Building paid to the relevant public utility for electric for the Building.

**RESPONSE:** Objection. Irrelevant.

**REQUEST FOR ADMISSION NO. 4:**  Admit that the E.V. Bishoff Company Rate was different than the rate that Park Building paid to the relevant public utility for water for the Building.

**RESPONSE:** Objection. Irrelevant.

**REQUEST FOR ADMISSION NO. 5:**  Admit that prior to June 2, 2020, Mr. Brian Luborsky informed Mr. David Bishoff that Beauty Express did not intend to renew the Lease beyond September 30, 2020.

**RESPONSE:** Denied. No correspondence was received by David Bishoff prior to June 2, 2020 which would have lead a reasonable person to conclude that Beauty Express did not intend to extend the Lease beyond September 30, 2020, according to the Lease's terms.

**REQUEST FOR ADMISSION NO. 6:**  Admit that prior to June 2, 2020, Mr. David Bishoff understood that Beauty Express did not intend to renew the Lease beyond September 30, 2020.

**RESPONSE:** Denied. No correspondence was received by David Bishoff prior to June 2, 2020 which would have lead a reasonable person to conclude that Beauty Express did not intend to extend the Lease beyond September 30, 2020, according to the Lease's terms.

**REQUEST FOR ADMISSION NO. 7:**  Admit that Beauty Express was not able to operate its business in the Lease Premises from March 17, 2020 through June 4, 2020 due to government restrictions related to the COVID-19 pandemic.

**RESPONSE:** Objection. This admission is a conclusion of law to which no response is required. By way of further response, Beauty Express is free to interpret the government restrictions in response to COVID-19 how they see fit. To the extent Beauty Express did not operate their business during this period, that was their decision alone.

**REQUEST FOR ADMISSION NO. 8:**  Admit that Beauty Express did not occupy the Lease Premises after September 26, 2020.

**RESPONSE:**  Admitted.

**REQUEST FOR ADMISSION NO. 9:**  Admit that the $409.60 charged by Park Building to Beauty Express for water service from April 6, 2020 through May 1, 2020 as referenced in the invoice attached hereto as Exhibit A was not based on the water actually consumed or wasted in the Lease Premises during that time period.

**RESPONSE:** Denied. The invoice presented for the period of April 6, 2020 through May 1, 2020 was presented "as a result of a meter reading" pursuant to Paragraph 18 of the Lease Agreement. The sub-meter monitoring the usage at the Leased Premises provided the basis for the invoice.

**REQUEST FOR ADMISSION NO. 10:**  Admit that the $205.20 charged by Park Building to Beauty Express for water service from May 1, 2020 to June 4, 2020 as referenced in the invoice

attached hereto as Exhibit A was not based on the water actually consumed or wasted in the Lease Premises during that time period.

**RESPONSE:** Denied. The invoice presented for the period of May 1, 2020 through June 4, 2020 was presented "as a result of a meter reading" pursuant to Paragraph 18 of the Lease Agreement. The sub-meter monitoring the usage at the Leased Premises provided the basis for the invoice.

**REQUEST FOR ADMISSION NO. 11:**  Admit that the $758.00 charged by Park Building to Beauty Express for water service from October 1, 2020 through November 2, 2020 as referenced in the invoice attached hereto as Exhibit A was not based on the water actually consumed or wasted in the Lease Premises during that time period.

**RESPONSE:** Denied. The invoice presented for the period of October 1, 2020 through November 2, 2020, was presented "as a result of a meter reading" pursuant to Paragraph 18 of the Lease Agreement. The sub-meter monitoring the usage at the Leased Premises provided the basis for the invoice.

Date:  October 15, 2021

/s/ Jared S. Hawk
Jared S. Hawk
Pa. I.D. No. 92959
jared.hawk@saul.com
John A. Marty
Pa. I.D. No. 324405
john.marty@saul.com
Saul Ewing Arnstein & Lehr LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Telephone: (412) 209-2500
Facsimile: (412) 209-2539

*Counsel for Defendant/Counter-Plaintiff Beauty Express Salons Inc.*

(b)     the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope;

(c)     the use of the singular form of any word includes the plural and *vice versa*;

(d)     any Request propounded in the masculine shall be used as if propounded in the feminine and *vice versa*; and

(e)     any Request propounded in the present tense shall be used as if propounded in the past tense and *vice versa*.

5.     All requests for discovery by Beauty Express in this case are continuing. In the event that any information comes to your attention subsequent to the serving of your responses to these Requests, which information is responsive to any request for discovery below or which would alter or change in any way a response, and which was not included in your responses to the Requests below, such additional information shall be furnished to counsel for Beauty Express as soon as possible without further request.

### III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents and things in your possession, custody, or control:

1.     As they relate to the Building, all documents that refer or relate to the rates charged to Park Building for electric and water from October 1, 2015 to September 30, 2020, including, but not limited to, all electric and water public utility invoices sent to Park Building from its public utility providers and any communications regarding same.     Objection. Irrelevant.

2.     All documents that refer or relate to the calculation of the E.V. Bishoff Company Rate that was utilized to determine the amount Beauty Express was charged for electric and water services for the Lease Premises.     All documents were provided in response to the First Request for production.

3.     All documents identified in, referred to, relied upon, or used in preparing your responses to Defendant/Cross-Plaintiff's Second Set of Interrogatories Directed to Plaintiff/Cross-Defendant and/or Defendant/Cross-Plaintiff's First Set of Requests for Admission Directed to Plaintiff/Cross-Defendant.     All documents were provided in response to the First Request for production.

Date:  October 15, 2021               /s/ Jared S. Hawk
                                       Jared S. Hawk
                                       Pa. I.D. No. 92959
                                       jared.hawk@saul.com
                                       John A. Marty
                                       Pa. I.D. No. 324405
                                       john.marty@saul.com
                                       Saul Ewing Arnstein & Lehr LLP
                                       One PPG Place, Suite 3010
                                       Pittsburgh, PA 15222