# EXHIBIT G

| | |
|---|---|
| From: | Pomy, Matthew |
| To: | Marty, John A. |
| Cc: | Hawk, Jared S.; Urban, Matthew |
| Subject: | RE: Park Beauty v. Beauty Express - Request to Meet and Confer |
| Date: | Wednesday, November 17, 2021 9:50:22 AM |

Good Morning John,

The below is consistent with my notes surrounding our conversation. I'll begin working through these items and look forward to the further clarification on your dispute question. I appreciate the deadline for these items of 11/29 and will do my best to ensure everything we discussed is available by then. I would also consent to the 90 day continuance of deadlines as opposed to the 60 day continuance we initially discussed.

Please let me know if you need anything else.

Thank you,

**Matthew Pomy**
Attorney



Weltman, Weinberg & Reis Co., L.P.A.
p 412-338-7147  |  mpomy@weltman.com
436 Seventh Avenue, Suite 2500   Pittsburgh, PA 15219
Visit Us: weltman.com  |  LinkedIn |  Facebook  | Twitter

Go Green: Please consider the environment before printing this email.
Confidentiality Notice: This email and any accompanying document(s) may contain information that is confidential or privileged, and it is intended only for the individuals or entities named above. If you are not the intended recipient, you are prohibited from using, disclosing, copying, or distributing this email or any attachments. If you have received this message in error, please notify the sender immediately.

**From:** Marty, John A. <john.marty@saul.com>
**Sent:** Tuesday, November 16, 2021 9:09 PM
**To:** Pomy, Matthew <mpomy@weltman.com>
**Cc:** Hawk, Jared S. <jared.hawk@saul.com>; Urban, Matthew <murban@weltman.com>
**Subject:** RE: Park Beauty v. Beauty Express - Request to Meet and Confer

Matt,

Thank you again for your time today. The following is a summation of our meet and confer as well as the next steps each side will take in an effort to resolve Beauty Express's outstanding discovery requests:

- Beauty Express requested "further details regarding the EV Bishoff Rate (including the data relied upon in computing the rate and how this data was utilized in determining the rate)." You stated that you would follow up with Marianne Hartley regarding what information could be obtained as it pertains to the periodic invoices (be it monthly or otherwise) Park Building was charged by the utility companies and Park Building's utility rate as it relates to those invoices. You further stated that you would also discuss with Park Building the ability to obtain and produce information regarding any other specific data used or considered when it computed the EV Bishoff

utility rate for Beauty Express.

- Beauty Express requested "information relating to disputes between Park Building and its other tenants." In response, Park Building requested we specifically define the information we are seeking as it pertains to the word "disputes." We stated that we would provide further clarification regarding this discovery request.

- Beauty Express requested "information relating to the method and means by which utilities were calculated for other tenants." You stated that Park Building should be able to produce information relating to Park Building tenants that operated under leases similar to Beauty Express. You stated that this information would contain these other tenants' EV Bishoff rates. You further stated that the specific tenant names would be redacted.

- Beauty Express requested "all documents regarding any exchange between Beauty Express and Park Building." You stated that you are willing to direct Park Building to conduct further searches to locate other documents that were potentially uncollected. You further requested that we provide a list of additional custodians and categories of documents, which would assist Park Building in performing their search of their files. We agreed to assist in providing this list of custodians and categories of documents.

- Beauty Express requested that the Interrogatory Responses be verified as required under Federal Rule of Civil Procedure 33. You stated you would provide these verifications, signed by the appropriate person on behalf of Park Building.

Finally, we agreed to file a joint motion to extend all deadlines in this matter. In order to ensure Park Building has sufficient time to locate and provide the information discussed above – in addition to providing the necessary time needed to conduct depositions – we would like to move for a 90 day extension (as opposed to the originally proposed 60 days). Given next week's holiday, we understand that this information we discussed may not be available until the week of November 29.

Please confirm that I have accurately captured our conversation and if Park Building consents to the 90 day extension.

My very best,
John

**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh, PA 15222 | 412.209.2566 | John.Marty@saul.com

---

**From:** Marty, John A.
**Sent:** Monday, November 15, 2021 5:16 PM
**To:** 'Pomy, Matthew' <mpomy@weltman.com>; Urban, Matthew <murban@weltman.com>

**Cc:** Hawk, Jared S. <jared.hawk@saul.com>
**Subject:** RE: Park Beauty v. Beauty Express - Request to Meet and Confer

Good evening Matt,

10 am would be great. I will circulate a dial-in and calendar invite shortly.

My best,

John

**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh, PA 15222 | 412.209.2566 | John.Marty@saul.com

---

**From:** Pomy, Matthew <mpomy@weltman.com>
**Sent:** Monday, November 15, 2021 2:27 PM
**To:** Marty, John A. <john.marty@saul.com>; Urban, Matthew <murban@weltman.com>
**Cc:** Hawk, Jared S. <jared.hawk@saul.com>
**Subject:** RE: Park Beauty v. Beauty Express - Request to Meet and Confer

**\*\*EXTERNAL EMAIL\*\*** - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.

Good Afternoon John,
I would also be free most of the day tomorrow. Would you like to shoot for 10:00 am?
Thank you,

**Matthew Pomy**
Attorney



Weltman, Weinberg & Reis Co., L.P.A.
p 412-338-7147 | mpomy@weltman.com
436 Seventh Avenue, Suite 2500  Pittsburgh, PA 15219
Visit Us: weltman.com | LinkedIn | Facebook | Twitter

Go Green: Please consider the environment before printing this email.
Confidentiality Notice: This email and any accompanying document(s) may contain information that is confidential or privileged, and it is intended only for the individuals or entities named above. If you are not the intended recipient, you are prohibited from using, disclosing, copying, or distributing this email or any attachments. If you have received this message in error, please notify the sender immediately.

**From:** Marty, John A. <john.marty@saul.com>
**Sent:** Monday, November 15, 2021 2:04 PM

**To:** Pomy, Matthew <mpomy@weltman.com>; Urban, Matthew <murban@weltman.com>
**Cc:** Hawk, Jared S. <jared.hawk@saul.com>
**Subject:** Park Beauty v. Beauty Express - Request to Meet and Confer

Matt and Matt:

While we appreciate your supplemental production, these documents and responses are still deficient. Specifically, the following information remains outstanding:

- further details regarding the EV Bishoff Rate (including the data relied upon in computing the rate and how this data was utilized in determining the rate);
- information relating to disputes between Park Building and its other tenants;
- information relating to the method and means utilities were calculated for other tenants;
- all documents regarding any exchange between Beauty Express and Park Building (our own review of Beauty Express's documents indicate that there remains outstanding documents).

This information is clearly relevant to Beauty Express's claims in this case and is solely in the possession of Park Building. Therefore, Park Building's untimely objection to relevance is improper. Additionally, Federal Rule of Civil Procedure 33 requires that interrogatory responses are verified by the signature of the responding party and that any objections are signed by the objecting attorney. Fed. R. Civ. P. 33(b)(5). Plaintiff's responses are also deficient in this regard.

Finally, Beauty Express intends to notice the following depositions:
- Marianne Hartley
- Elissa Graff
- Bob Barton
- Bill Russell
- Ray Coll
- David Bishoff

However, these depositions cannot go forward until the aforementioned documents and information are produced.

Given these outstanding issues, we would like to propose that we have a phone call tomorrow to meet and confer. If we are unable to resolve our differences, Beauty Express is prepared to seek an Order from the Court compelling Plaintiff to produce these remaining documents and information. We will also seek an extension of the discovery deadlines to enable Beauty Express to receive the outstanding information and documents prior to the depositions of the witnesses referenced above.

We are generally available throughout the day tomorrow for call. Please let us know your availability as soon as possible.

My best,

John


**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh, PA 15222 | 412.209.2566 | John.Marty@saul.com

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+