# EXHIBIT H

# Marty, John A.

| | |
|---|---|
| **From:** | Pomy, Matthew <mpomy@weltman.com> |
| **Sent:** | Wednesday, December 8, 2021 2:17 PM |
| **To:** | Marty, John A. |
| **Cc:** | Hawk, Jared S.; Urban, Matthew |
| **Subject:** | RE: Park Beauty v. Beauty Express - Request to Meet and Confer |
| **Attachments:** | supplemental responses and verification - BEAUTY EXPRESS.pdf |

Good Afternoon John,
Attached please find the written responses following our Meet and Confer discussion along with Mr. Bishoff's signed verification and my signature as to the objections. Unfortunately, Mr. Bishoff signed both signature lines initially. My attempt to white out that signature looks to have only been marginally successful, so if you'd prefer a clean copy, please let me know and I'll get one lined up.
Thank you,

**Matthew Pomy**
Attorney



Weltman, Weinberg & Reis Co., L.P.A.
p  412-338-7147   |   mpomy@weltman.com
436 Seventh Avenue, Suite 2500   Pittsburgh, PA 15219
Visit Us:  weltman.com   |   LinkedIn  |   Facebook  |   Twitter

**Opt Out:** If you wish to revoke your permission of receiving any future, non-automated email communications from our firm at the email address you have provided, please click here to Opt Out.
**Go Green:** Please consider the environment before printing this email.
**Confidentiality Notice:** This email and any accompanying document(s) may contain information that is confidential or privileged, and it is intended only for the individuals or entities named above. If you are not the intended recipient, you are prohibited from using, disclosing, copying, or distributing this email or any attachments. If you have received this message in error, please notify the sender immediately.

**From:** Marty, John A. <john.marty@saul.com>
**Sent:** Friday, December 3, 2021 3:15 PM
**To:** Pomy, Matthew <mpomy@weltman.com>
**Cc:** Hawk, Jared S. <jared.hawk@saul.com>; Urban, Matthew <murban@weltman.com>
**Subject:** RE: Park Beauty v. Beauty Express - Request to Meet and Confer

Hi Matt,

Thank you for the additional update. We are fine with the extension.

My best,

John

**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh, PA 15222 | 412.209.2566 | John.Marty@saul.com

1

**From:** Pomy, Matthew <mpomy@weltman.com>
**Sent:** Friday, December 3, 2021 1:43 PM
**To:** Marty, John A. <john.marty@saul.com>
**Cc:** Hawk, Jared S. <jared.hawk@saul.com>; Urban, Matthew <murban@weltman.com>
**Subject:** RE: Park Beauty v. Beauty Express - Request to Meet and Confer

Good Afternoon John and Jared,
I'll be submitting the additional documents/correspondence we were able to put together based on the additional searches here in the next 10 minutes or so. They consist of 61 message threads/Smart Sheet Reports/various documents. Our written responses will address this more fully once I have the language finalized and verified by David, but as you can probably tell from the last set of documents, a large part of how Park Building keeps records involves cc'ing involved parties on emails. Because of this, message threads appear in multiple email searches creating multiple duplicates. A number of these documents also appear to be continuations/completions of conversations previously provided. I attempted to not include duplicates, but I erred on the side of including a thread if I couldn't find an exact match in our initial production.

As mentioned, I am still waiting on finalized written responses and a verification from David to finalize our supplemental responses and production after our Meet and Confer call. I understand I have asked for a couple extensions already, but I would ask for one more extension to December 8, 2021, to allow those documents to be finalized.

Thank you,

**Matthew Pomy**
Attorney



Weltman, Weinberg & Reis Co., L.P.A.
p  412-338-7147   |   mpomy@weltman.com
436 Seventh Avenue, Suite 2500   Pittsburgh, PA 15219
Visit Us: weltman.com  |  LinkedIn  |  Facebook  |  Twitter

**Opt Out:** If you wish to revoke your permission of receiving any future, non-automated email communications from our firm at the email address you have provided, please click here to Opt Out.
**Go Green:** Please consider the environment before printing this email.
**Confidentiality Notice:** This email and any accompanying document(s) may contain information that is confidential or privileged, and it is intended only for the individuals or entities named above. If you are not the intended recipient, you are prohibited from using, disclosing, copying, or distributing this email or any attachments. If you have received this message in error, please notify the sender immediately.

**From:** Marty, John A. <john.marty@saul.com>
**Sent:** Wednesday, December 1, 2021 12:44 PM
**To:** Pomy, Matthew <mpomy@weltman.com>
**Cc:** Hawk, Jared S. <jared.hawk@saul.com>; Urban, Matthew <murban@weltman.com>
**Subject:** RE: Park Beauty v. Beauty Express - Request to Meet and Confer

Thank you for the update, Matt.

My best,

John

**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh, PA 15222 | 412.209.2566 | John.Marty@saul.com

### Response Interrogatory No. 1 of Defendant/Counter-Plaintiff's Second Set of Interrogatories And Supplemental Response to Interrogatory No. 1 of Defendant/Counter-Plaintiff's First Set of Interrogatories:

David Bishoff set the rate at which utilities are billed in the subject leased premises a number of years ago in light of the ever changing rates from public utility companies. The rate was designed to be comparable to the local public utility rates for similar usage levels and includes generation of electric/water, the cost of transportation of the utility, the municipal taxes associated with the utilities, and the cost of installing and maintaining the sub-meters to allow for the measurement of the individual unit. Administrative costs associated with sending Park Building personnel to read the sub-meter as well as to prepare the associated invoices are included. The rate also contemplates the inevitable float and even non-payment of utility invoices from tenants. The rates of $.12 for electric and $.04 for water encompasses all of those costs into a rate that would be predictable for all parties. The associated rate was communicated to Beauty Express through the document titled "Doc - Utility Calculations - 1.28.16-9.9.19" produced by Plaintiff/Counter-Defendant in response to the Defendant/Counter-Plaintiff's first set of Requests for Production of Documents.

As further clarification, in setting this rate David Bishoff relied upon his knowledge and understanding of the commercial real estate market in Pittsburgh, PA, and specifically downtown Pittsburgh. Mr. Bishoff owns and operates several commercial buildings in the area and is familiar with comparable rates in the region. No formulas, separate documents, or other data was relied upon in the formation of the rate or the relation of this response.

## Supplemental Response to Interrogatories 4 and 5 of Defendant/Counter Plaintiff's First Set of Interrogatories, as well as items 18, 19, 20, 21, of Defendant/Counter Plaintiff's First Set of Requests for Production

As part of a Meet and Confer discussion between Counsels for the Parties, Plaintiff/Counter-Defendant has agreed to provide a more specific response following further clarification provided by Opposing Counsel. Plaintiff/Counter-Defendant maintains that these items are wholly irrelevant to the instant matter as they involve separate parties who negotiated their own lease terms. Any disputes arising out of those contractual relationships would be irrelevant to this matter. By way of further response, Plaintiff/Counter-Defendant would provide the following for the specific categories provided by Defendant/Counter Plaintiff:

- contested the amount outstanding relating to the rent Park Building stated was due;
    - There have been, at times, disagreements as to the proper amount of rent due and owing to the Park Building. To the extent any of those situations would conform to this request, Park Building maintains their objection to these requests on the count of relevance.
- contested the amount outstanding relating to any utilities Park Building stated were consumed on the premise;
    - Many Park Building clients pay for utilities on the basis of a monthly invoice. Some have a meter and pay a metered amount. Any tenant that has a meter that we read can contact our office at any time and ask that we reread the meter. When this takes place, we do so. The vast majority of the time we find that we read the meter properly. On occasion, we will find that a number was transposed or something like this. The way in which the submeters are read and recorded, if and when a meter is read wrong, it will naturally be corrected in the following meter reading. Park Building does not keep records of people that ask us to reread meters and David Bishoff knows of no lawsuits that involved the improper reading of a meter.
- contested the calculation of the EV Bishoff Rate or the application of the EV Bishoff rate in calculating a utility invoice;
    - Park Building knows of no lawsuits contesting the application of the utility rate used in the utility invoices.
- contested the amount outstanding regarding any rent or utility payments that were assessed during the state-wide COVID-19 shutdown (March 18, 2020-June 5, 2020);
    - Park Building knows of no lawsuits contesting outstanding rent or utility payments that were assessed during that time period.
- contested their lease agreement with Park Building automatically renewing; or contested any other provisions within their lease agreement with Park Building.
    - Park Building knows of no lawsuits filed against the Park Building which directly contest the automatic renewal language, or any other provision within the tenant's lease from October 2015 – Present. There have been, at times, issues raised in an Answer which could be construed as "contesting" a portion of the lease agreement. To the extent those situations would conform to this request, Park Building maintains their objection as to relevance.

## Supplemental Response to Defendant/Counter-Plaintiff's First and Second Set of Requests for Production of documents

Pursuant to the Meet and Confer discussion between Counsels for the parties, Counsel for Plaintiff/Counter-Defendant has agreed to provide supplemental production of documents on a number of items. First, as it relates to the utility rates and calculations for other similarly situated tenants in the Park Building, Plaintiff has attached a group of documents we believe conforms to the request. This document is a subset of a larger document maintained by Park Building and their parent company which includes the utility information for all tenants across properties. All information other than that relating to sub-metered tenants in the Park Building has been removed as this information is irrelevant to the current inquiry.

Additionally, Park Building has conducted further searches at the request of Defendant/Counter-Plaintiff to produce further documents/communication relevant to the dispute between the parties included in both the first and second requests for production. There are a few groups of documents/communications which were previously not produced. First, is a group of emails that were sent through their internal accounting system. These emails would not have been stored in the same way as other correspondence. Though some of these emails have been included previously, they have been produced in full here.

Second, the emails for Bob Barton and Elissa Graff have been recovered by Park Building IT professionals. These recovered files were searched for Beauty Express along with the domain name provided by Opposing Counsel. Additional documents/correspondence located in the recovered emails of Bob Barton and Elissa Graff are included as attachments herein. Additional searches were completed through Marianne Hartley and David Bishoff's emails pursuant to the Meet and Confer discussion. Additional documents/correspondence have been provided under separate cover. There is correspondence from Counsel for Plaintiff/Counter-Defendant included in the emails received from Park Building as part of their internal searches. As you may recall, the parties, against advice of counsel, have corresponded a number of times since this litigation began. While this correspondence does reference Park Building and Beauty Express, the communications would be privileged and have not been included here. Other than those email threads, no documents have been intentionally withheld. Please note, as can be seen in the email threads provided, it was common practice for the Park Building to copy relevant individuals in their emails. This caused there to be hundreds of email threads to be captured by the searches done by Park Building representatives and IT personnel associated with multiple users. Effort was made not to overly re-produce items, but some overlap is likely inevitable as Counsel has intended to provide all documents and correspondence revealed by the internal searches of the Park Building.

Finally, Defendant/Counter-Plaintiff requested documentation which would be able to identify the rate at which the Park Building is charged for utilities by the relevant public utility services. Park Building maintains its objection that this request and all related requests for information regarding the Park Building's utility services as a whole are irrelevant. However, in an effort of good faith, we have provided the following. First is the water and electric bills for the Park Building for January of 2020 and 2021. Account numbers have been redacted from these documents. Additionally, we have included materials from Duquesne Light Company which we believe would be sufficient to determine the rate at which the Park Building is charged for utilities. Park Building further refers Defendant/Counter-Plaintiff to the public websites of Duquesne Light Company and Pittsburgh Water and Sewer Authority for further information about how they calculate their rates.

## PLAINTIFF'S VERIFICATION

I, David W. Bishoff, (please print) verify that the foregoing Responses are true and correct to the best of my knowledge, information and belief.

12-7-21
Date

Signature

I, Matthew Pony, (please print) verify that the foregoing Objections were prepared and submitted by me as Counsel for the Plaintiff.

12/8/21
Date

Signature