# EXHIBIT K

| | |
|---|---|
| **From:** | Marty, John A. |
| **To:** | Pomy, Matthew |
| **Cc:** | Urban, Matthew; Hawk, Jared S. |
| **Bcc:** | Beauty Express Stores_Inc_Landlord_Tenant Dispute_373983_00010_Correspondence |
| **Subject:** | RE: Park Building v. Beauty Express - utility rates and deposition scheduling |
| **Date:** | Thursday, December 30, 2021 10:59:50 AM |
| **Attachments:** | image001.jpg |

Good morning Matt,

Though we resolved almost all other aspects of the parties' discovery disputes, this issue appears to be at an impasse.

The position articulated in your most recent email and Park Building's objections to Beauty Express's Request For Admissions (Requests 1-4 ) ignores Beauty Express's claim that Park Building improperly represented and fraudulently charged Beauty Express for its use of certain public utilities. Since understanding Park Building's utility bills relate to Beauty Express's counter-claims, these documents remain relevant to the dispute.

Second, your most recent claim that "we produced the only utility invoices that are in our possession and have no further invoices to produce" contradicts your earlier email where you asked: "Would you be willing to reduce the number of invoices you're requesting over the relevant time period to make them easier to request and produce? For instance, could we provide one statement from each year (i.e. all September invoices from 2015-2020) in satisfaction of this request?" Thus, it appears that there remain public utility invoices in Park Building's possession, custody, or control.

Finally – as we stated in our earlier communication – we have no objection adopting a protective order that protects your client's account numbers from disclosure. This information is otherwise not protected as attorney/client communication or any other privilege. Thus, it is subject to production as it is part of the information contained within documents responsive to Beauty Express's discovery requests.

Please advise by Tuesday, January 4, if Park Building will produce these relevant documents. Assuming production is forthcoming, we are further willing to take the laboring oar in drafting a protective order for your review.

If Park Building continues to assert that these documents are not relevant to Beauty Express's counter-claims, we intend to seek relief with the court relating to Park Building's responses to Beauty Express's Requests for Production and Requests for Admission.  As you are aware, relevance is an extremely low standard.  We firmly believe that that our motion will be successful.

Thank you,

John

**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh,

PA 15222 | 412.209.2566 | John.Marty@saul.com

---

**From:** Pomy, Matthew <mpomy@weltman.com>
**Sent:** Tuesday, December 28, 2021 8:57 AM
**To:** Marty, John A. <john.marty@saul.com>
**Cc:** Urban, Matthew <murban@weltman.com>; Hawk, Jared S. <jared.hawk@saul.com>
**Subject:** RE: Park Building v. Beauty Express - utility rates and deposition scheduling

Good Morning John,
I disagree that Beauty Express would be entitled to know exactly what the Park Building was charged as that is entirely irrelevant to the lease agreement signed by Beauty Express. Beyond not being relevant to the lease itself, it appears the bulk of the requested records likely do not to contain the information you're requesting. Regardless, we produced the only utility invoices that are in our possession and have no further invoices to produce. Additionally, I do not think it is unreasonable for Park Building to want to withhold their private account numbers from Beauty Express.

I will relay that information on the depositions. Please let me know what Brian's schedule looks like in the coming months.

Thank you,

**Matthew Pomy**
Attorney



Weltman, Weinberg & Reis Co., L.P.A.
p  412-338-7147   |   mpomy@weltman.com
436 Seventh Avenue, Suite 2500   Pittsburgh, PA 15219
Visit Us: weltman.com  |  LinkedIn | Facebook | Twitter

Opt Out: If you wish to revoke your permission of receiving any future, non-automated email communications from our firm at the email address you have provided, please click here to **Opt Out.**
Go Green: Please consider the environment before printing this email.
Confidentiality Notice: This email and any accompanying document(s) may contain information that is confidential or privileged, and it is intended only for the individuals or entities named above. If you are not the intended recipient, you are prohibited from using, disclosing, copying, or distributing this email or any attachments. If you have received this message in error, please notify the sender immediately.

**From:** Marty, John A. <john.marty@saul.com>
**Sent:** Thursday, December 23, 2021 2:16 PM
**To:** Pomy, Matthew <mpomy@weltman.com>
**Cc:** Urban, Matthew <murban@weltman.com>; Hawk, Jared S. <jared.hawk@saul.com>
**Subject:** RE: Park Building v. Beauty Express - utility rates and deposition scheduling

Good afternoon Matt:

Beauty Express is entitled to know exactly what Park Building was charged by its utility providers and, in turn, how it calculated the charges to Beauty Express for the entire lifetime of the lease.  Beauty Express was charged on a monthly basis for its water and electricity consumption by Park Building. In computing the cost of that consumption, Park Building multiplied the use by its own multiplier (the EV Bishoff Company Rate).  As we explained during the meet and confer, computing Beauty Express's damage calculation requires understanding the rate Park Building paid to its water and electrical public utilities and comparing that rate to the EV Bishoff Company Rate.  Given that public utility rates and costs can fluctuate from month to month, Beauty Express requires every available invoice that shows the rates paid for water and electricity for September 2015 through September 2020 .

We are also not aware why there would be any need to redact the account numbers on these documents. However, if you are concerned about these numbers being made part of the public record, we are happy to stipulate to a protective order regarding these documents. Given the above, please confirm by Tuesday, December 28, if you intend to produce all water and electric bills Park  Building received from September 2015 through September 2020. Otherwise, it appears the parties are at an impasse and we will seek relief from the court.

Regarding the depositions, we believe that each deposition will require a full day – or at least enough time where trying to schedule more than one depositions per day would not be possible.  We are working with Brian regarding his availability.  As for Elissa and Marianne, we would like to tentatively schedule Elissa for January 11 and Marianne for January 18.

Finally, I have attached the Court's November 24, 2021 Order, which scheduled the next Status Conference for March 1, 2022 at 1:30PM.

Have a great holiday weekend,

John


**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh, PA 15222 | 412.209.2566 | John.Marty@saul.com

---

**From:** Pomy, Matthew <mpomy@weltman.com>
**Sent:** Wednesday, December 22, 2021 11:43 AM
**To:** Marty, John A. <john.marty@saul.com>
**Cc:** Urban, Matthew <murban@weltman.com>; Hawk, Jared S. <jared.hawk@saul.com>

**Subject:** RE: Park Building v. Beauty Express - utility rates and deposition scheduling

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Good Morning John,
Would you have any reason to think the electric bills for other months would be formatted differently such that the rates will be on other bills? They aren't documents Park Building keeps for that long of a period so I haven't reviewed any invoices other than those provided to confirm whether or not the rate is contained on any of them, but would it still be your position that they would be relevant even if they do not list the specific utility rate that was charged?

As we discussed during our meet and confer discussion, we're not necessarily opposed to providing information on the utility rates themselves, but these documents, specifically the electric bills, don't seem likely to contain information on the actual rate charged. In addition, because of how voluminous these documents would be and the time it would take to receive them from the utility company and redact account numbers across what's likely to be hundreds of pages, I think the burden of production outweighs any potential for producing admissible evidence relevant to any of the claims here. Would you be willing to reduce the number of invoices you're requesting over the relevant time period to make them easier to request and produce? For instance, could we provide one statement from each year (i.e. all September invoices from 2015-2020) in satisfaction of this request?

For the deposition of Marianne and Elissa, I've been told that they would be available January 11, 12, 18, 19, and 20. It sounds like they can be flexible on time with this much notice. We would also be interested in scheduling a deposition for Brian in a similar timeframe. If possible it would be great if we could do all three in one day, but I'm not sure how long you're envisioning questioning Marianne and Elissa. Please provide dates Brian would be available in January/early February and we can see if we can work out a schedule. Please note, I'm planning to be out the last full week of January, so I'd appreciate it if we could avoid that week if possible.

As to the other witnesses, Bill Russell, Ray Coll, and Bob Barton are no longer employed by the Park Building and my office does not represent them. I've been provided the following addresses from Marianne:
Bill Russell
324 Holiday Drive
West Mifflin, PA 15122

Ray Coll
149 Laurel Crest Dr
Wexford, PA 15090

Bob Barton
1260 Cook School Road
Bridgeville, PA 15017

Finally, do you have confirmation of when the status conference previously scheduled for December 2, 2021, was rescheduled for? For some reason I can't find the signed order in my email.

Please let me know if you need anything else.

Thank you,


**Matthew Pomy**
Attorney



Weltman, Weinberg & Reis Co., L.P.A.
p  412-338-7147  |  mpomy@weltman.com
436 Seventh Avenue, Suite 2500  Pittsburgh, PA 15219
Visit Us: weltman.com  |  LinkedIn  |  Facebook  |  Twitter

Opt Out: If you wish to revoke your permission of receiving any future, non-automated email communications from our firm at the email address you have provided, please click here to Opt Out.
Go Green: Please consider the environment before printing this email.
Confidentiality Notice: This email and any accompanying document(s) may contain information that is confidential or privileged, and it is intended only for the individuals or entities named above. If you are not the intended recipient, you are prohibited from using, disclosing, copying, or distributing this email or any attachments. If you have received this message in error, please notify the sender immediately.

**From:** Marty, John A. <john.marty@saul.com>
**Sent:** Tuesday, December 21, 2021 12:59 PM
**To:** Pomy, Matthew <mpomy@weltman.com>
**Cc:** Urban, Matthew <murban@weltman.com>; Hawk, Jared S. <jared.hawk@saul.com>
**Subject:** Park Building v. Beauty Express - utility rates and deposition scheduling


Matt:

Thank you for Park Building's supplemental documents and responses. While we understand your objection to Beauty Express's request for those documents indicating the rate Park Building was charged for utilities by the relevant public utility service, such information is directly relevant to Beauty Express's damages claim. During our November 16 meet and confer, the parties agreed that you would speak with Marianne Hartley regarding these public utility invoices.  While you may contend that the information you provided is sufficient for Beauty Express to calculate Park Building's utility rate, these documents fail to provide the utility rate Park Building paid over the course of Beauty Express's lease.  Further, many of the invoices provided do not even contain a rate that was charged for Park Building's utility consumption or use.  For example, only one PWSA invoice, dated January 11, 2021, contains the per 1,000 gallon rate Park Build was charged for water consumption and waste water conveyance.

Therefore, we request that Park Building provide all water and electric bills it received from September 2015 through September 2020 from its respective utility providers. If you will not agree to produce this information, please let us know so that we can seek appropriate relief from the Court.  Being mindful of the holiday, please let us know if you intend to produce the above documents no later than December 23, 2021.  Assuming you intend to produce the relevant documents, we expect this information to be provided by January 4, 2022.

On a related note, we would like to begin scheduling and noticing depositions.  As of now, we intend to depose the following individuals, in the following order:

- Elissa Graff
- Marianne Hartley
- Bob Barton
- Bill Russell
- Ray Coll
- David Bishoff

We understand that some of these individuals are no longer employed by Park Building.  In light of that fact, would you please confirm whether you represent each of these individuals and will produce them for deposition?  If not, would you please provide any contact information that Park Building may have for the individuals that you do not represent as soon as possible?  Please provide dates on which Elissa Graff and Marianne Hartley are available for deposition in early to mid-January.  We expect that all of these depositions can be conducted via Zoom.

My best,

John

**John A. Marty** | Saul Ewing Arnstein & Lehr LLP | One PPG Place, Suite 3010, Pittsburgh, PA 15222 | 412.209.2566 | John.Marty@saul.com

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~+